Nov. Term, 1848.

GOODWIN
v.
DOE.

(1) See *ante*, p. 130.

---

GOODWIN *v.* DOE, on the Demise of KENSETT and Others.— On appeal.

Ejectment. The appellees offered the following evidence: 1. A deed made in 1834 by *M.*, conveying all his interest, and, as attorney in fact for *K.* and *S.*, all their interest in the land to *G.*; 2. a quit-claim deed from *G.* to the appellant, reciting that the land was conveyed to him in

1834 by *M.*; 3. Depositions proving that the appellees were the heirs of *K.* and *S.*, and that the latter persons died before the deed was made in 1834. The appellant offered no testimony. Judgment for the plaintiff below. *Held*, that the evidence was insufficient to sustain the judgment.

Nov. Term,
1848.
———
GOODWIN
v.
DOE.

THIS was an action of ejectment, brought by the .appellees as the heirs of *Thomas Kensett* and *Charles Shelton*, against the appellant. Upon the trial the appellees offered the following evidence:

1st. A deed, dated *March* 12th, 1834, made by one *Murdock*, and conveying all his interest, and also, as attorney in fact of *Kensett* and *Shelton*, all their interest in the land in controversy, to *Nathan D. Gallion*.

2d. A quit-claim deed from *Gallion* to the appellant. This deed contains a recital, to the effect, that said land was conveyed to *Gallion* by the deed of *Murdock*, dated *March* 12th, 1834.

3d. Three depositions, proving that the appellees are the heirs at law of said *Kensett* and *Shelton*, and that both the latter persons died previous to the year 1834.

The appellant did not offer any testimony, and the above being all the evidence in the case, the Court, to whom the cause was submitted, found for the plaintiff and rendered judgment accordingly.

This judgment must have been predicated on the supposition that, by the exhibition of the deeds above mentioned, the appellees had traced the title of the parties litigant to a common source, and that the recital in the deed from *Gallion* estopped the appellant from denying the title of the ancestors of the appellees. But there is no proof that the appellant came into possession of the premises under that deed, or that the deed itself was ever in his possession; and without evidence that he was in some way connected with it, the recitals it contains. cannot be held binding upon him.

Besides, the deed from *Murdock* conveys his interest as well as that of the ancestors of the appellees, and if the bare fact that a paper was in existence purporting to be such a deed, could be held sufficient evidence of a former title and possession in the grantors, the appellees, if the

interest of their ancestors had not been legally conveyed away, were entitled to recover that interest only. They certainly could not, on such grounds, establish a claim to the whole premises, including the interest of *Murdock*.

We think the evidence is insufficient to sustain the judgment.

The judgment is reversed with costs, &c. Cause remanded.